## KORR v. THOMAS EMERY'S SONS, INC.

Ohio Appeals, First District, Hamilton County.

June 29, 1949.

Matthews & Matthews, Cincinnati, for plaintiff-appellee.
Rendigs & Fry, Cincinnati, for defendant-appellant.

GUERNSEY, MIDDLETON and JACKSON, JJ, of the Third

**170**

Appellate District, sitting by designation in the First Appellate District.

## OPINION

PER CURIAM.

This is an appeal upon questions of law.

It is from a judgment of the Common Pleas Court of Hamilton County, Ohio, affirming a judgment of the Municipal Court of Cincinnati, Ohio, in favor of plaintiff-appellee, Reta J. Korr, and against defendant-appellant, Thomas Emery's Sons,. Inc., in the sum of $374.95.

The action as originally filed in the Municipal Court of Cincinnati where it was tried before the court sitting without a jury, was one wherein plaintiff sought to recover damages alleged to have resulted from the loss of a piece of luggage, to-wit, a suitcase and the contents thereof, which piece of luggage was taken into custody by the doorman at the Netherland-Plaza Hotel, an inn owned and operated by the defendant, in Cincinnati, Ohio, on May 17, 1946, when plaintiff arrived at the hotel entrance in a taxicab and registered there as a guest after said piece of luggage was taken in custody as aforesaid.

The evidence introduced on the trial of said cause in the Common Pleas Court tended to prove the facts mentioned in the preceding paragraph, and also that the reasonable value of the suitcase and its contents was $374.95, and judgment was entered by the Municipal Court in plaintiff's favor for this amount.

The defendant-appellant assigns as error, that the judgment of the Municipal Court and the judgment of the Common Pleas Court affirming said judgment are contrary to law.

The taking in custody by an employee of an innkeeper,. pending registration and the assignment to a room, of a guest, of the trunks, valises, boxes, bundles, and/or packages of such guest, as in the instant case, is an incident to the relationship of innkeeper and guest, and the rules of law applicable to that relationship are determinative of the respective rights and liabilities of the parties.

It is a matter of common knowledge of which the courts

take judicial notice, that guests of innkeepers, before registering, customarily bring the personal property which they desire to have with them during their sojourn at an inn, other than the apparel, jewelry and ornaments which they are wearing, and personal property carried on their persons, in trunks, valises, boxes, bundles, and/or packages the contents of which are unknown to the innkeeper or his or its employees.

Under the common law the liability of an innkeeper for the personal property brought by a guest to the inn was that of an insurer but this rule of liability was materially modified by the passage of the Act of March 3, 1860, 50 **Ohio Laws, 15,** which subsequently became Section 4427, Revised Statutes, and following codification is now designated as §§5981 and 5982 GC.

As §§5981 and 5982 GC were parts of the original section of the Act of 1860, they must necessarily be interpreted and construed as parts of the same section, and when so interpreted and construed it is clear that the common-law liability of the innkeeper is only modified as to the particular items of property specified therein and to the extent prescribed therein, upon the innkeeper's compliance with the terms and conditions prescribed in said sections.

By an Act passed April 27, 1896, 92 **Ohio Laws, 322, Section 4427,** Revised Statutes, was supplemented by the enactment of Section 4427a, Revised Statutes, which further limited the common-law liability of innkeepers, and which reads as follows: "Section 4427a. The liability of the keeper of any inn whether individual, partnership, or corporation, for loss of or injury to personal property placed by his guests under his care, other than that described in the preceding section, shall be that of a depositary for hire; provided, however, that in no case, shall such liability exceed the sum of one hundred and fifty dollars for each trunk and its contents, fifty dollars for each valise and its contents, and ten dollars for each box, bundle or package, and contents, so placed under his care, unless he shall have consented in writing with such guest to assume a greater liability."

This section, following codification, is now known and designated as §5983 GC, and differs from the original section only in the change of the phrase "described in the preceding section," to the phrase "described in the next two preceding sections."

It will be noted that this section in terms applies to liability of an innkeeper for loss of or injury to personal property placed in his care by his guest and that the property described in the next two preceding sections, which are

§§5981 and 5982 GC, above mentioned, is expressly exempted from its operation.

While not necessary to a decision of the case, the interpretation and construction of this section as originally enacted, is discussed in the opinion in the case of **Palace Hotel Co. v. Medart, 87 Oh St 130**, at pages **136** and **137**, 100 N. E. 317, at page 319, Ann. Cas. 1913E, 860, as follows: "The supplemental section expressly refers to the other, and they seem to be component parts of one plan or purpose, which is to provide a limitation upon the amount of the liability of the innkeeper for the property of every sort or description of his guest that may or should be directly placed in his charge. This is clear as to the original section with reference to money, jewelry, and other valuables, and the language used in the supplemental section indicates that the property referred to is to be presented in the convenient and usual form of either a trunk, valise, box, bundle, or package for checking or storage in a place specially adapted and devoted to that purpose; and for each trunk, valise, etc., and contents an amount is fixed as the maximum liability of the innkeeper, which would seem to be fair and reasonable, as the innkeeper is not in a position to know the contents, and would not be warranted in opening every trunk, valise, and package to find out. This reasoning does not apply to the apparel and effects of guests kept in their rooms, nor agree with the general custom and usage of guests in that regard."

Because this discussion was occasioned by the contention of counsel that the section was intended to apply only to personal property such as is directly placed in the care of the innkeeper, that is, to be kept in his check room or storage room, as distinguished from personal property kept by a guest in his room, it is necessarily limited to property of this character, but the reasoning in the discussion applies as well to a trunk, valise, box, bundle or package placed by a guest under the care of the innkeeper, irrespective of whether it is checked or placed in a storage room, or cared for in another manner, as in the instant case.

The suitcase in controversy in the instant case comes within the definition of a valise, as used in §5983 **GC**, and adopting and applying the reasoning in the opinion of the Supreme Court, above mentioned, we conclude that the liability of the defendant innkeeper for the loss of the suitcase and its contents is limited by said section, to fifty dollars.

The judgment of the Municipal Court, which was affirmed by the Common Pleas Court, is an excess of this amount, so the judgment of the Court of Common Pleas will be reversed

as being contrary to law, at the costs of the appellee, and this court rendering the judgment the Common Pleas Court should have rendered will modify the judgment rendered by the Municipal Court so that the recovery in said cause shall be for the sum of fifty dollars and costs, and affirm said judgment as modified, at the costs of the appellee, and will remand the cause for execution.

GUERNSEY, PJ, and JACKSON, J, concur.
MIDDLETON, J, dissents.

MIDDLETON, J, (dissenting).

The only question in the instant case is whether by the provisions of §5983 GC, the plaintiff is restricted in the amount of her recovery to the sum of fifty dollars. The facts are not in dispute. The plaintiff arrived by taxi at the Netherland Plaza Hotel. The doorman picked up her suitcase and placed it at the foot of the staircase leading to the hotel lobby. The doorman directed plaintiff to leave the suitcase with him, and stated that a bell boy would be sent to bring it to her. Plaintiff then proceeded up the stairs to the clerk's desk to register, and, immediately after registering, a bell boy was sent to get the suitcase, and found it had dissappeared. It has not been recovered, and at the time it was lost it contained several items of jewelry and personal wearing apparel.

To plaintiff's petition the defendant filed a general denial, and on trial offered no evidence.

Judge O'Hara, delivering the opinion for the court in the case of **Palace Hotel Co. v. Medart, 87 Oh St 130,** 100 N. E. 317, 319, Ann. Cas. 1913E, 860, construes §4427a, now §5983 **GC,** as follows: "Section 4427a was originally enacted on April 27, 1896 **(92 O. L. 322),** as 'supplemental' to Section 4427, which was then amended and re-enacted, and both were made parts of what was designated 'An act to amend and supplement Section 4427 of the Revised Statutes of Ohio.' The supplemental section expressly refers to the other, and they seem to be component parts of one plan or purpose, which is to provide a limitation upon the amount of the liability of the innkeeper for the property of every sore or description of his guest that **may** or **should** be **directly** placed in his charge. This is clear as to the **original section** with reference to money, jewelry and other valuables, and the language used in the **supplemental section** indicates that the **property referred to is to be presented** in the convenient and usual form of either a trunk, valise, box, bundle, or package **for checking or storage in a place** specially **adapted** and **devoted to that purpose.**"

While the property lost in the Palace Hotel case was in the guest's room, the reasoning used by Judge O'Hara and the construction placed on Section 4427a is that the limitations of this section do not apply unless the property is placed directly in the innkeeper's charge for checking or storing in a place specially adapted and devoted to that purpose. The limitations in this section as construed by Judge O'Hara do not apply to the facts in the instant case where possession of the suitcase was taken by the doorman pending the registration by the plaintiff as a guest.

It is my opinion that the Supreme Court in the Palace Hotel case has clearly stated that the limitations of §5983 GC do not apply to a loss of baggage occurring under the circumstances shown to have existed in the instant case. The judgment of the Court of Common Pleas and the Municipal Court should be affirmed.